## RAMSAY *v.* WILKIE.

*(Common Pleas of New York City and County, General Term. February 2, 1891.)*

1. LANDLORD AND TENANT—RECOVERY OF POSSESSION—SURRENDER OF TERM—EVICTION.
   In dispossessory proceedings, the defense of surrender and acceptance is inconsistent with a defense of eviction.

2. SAME.
   Under the New York statute of frauds, declaring that no estate or interest in lands, other than a lease for a year, shall be created, assigned, surrendered, or declared, unless by act or operation of law, or by deed subscribed by the party creating, etc., by his lawful agent thereunto authorized by writing, the lawful agent must be specially authorized in writing to surrender a lease.

3. SAME—DUTY TO REPAIR.
   By the terms of a lease all necessary repairs were to be done at the expense of the tenant. By reason of a lawful excavation on the adjoining premises, an alley on the demised premises leading to stables in the rear thereof fell in. If the alley-

way had been shored up, it would have remained intact. *Held*, that it was the duty of the tenant to shore up the alley-way, and, failing to do so, he could not set up eviction as a defense to dispossessory proceedings for non-payment of rent.

4. SAME—COVENANTS OF LEASE.
    A covenant for quiet enjoyment in a lease only goes to the extent of engaging that the landlord has a good title, and can give a free and unincumbered lease.

5. SAME—INDEPENDENT COLLATERAL CONTRACT.
    Where there is an express covenant by the tenant to keep the demised premises in repair, there can be no independant collateral oral undertaking on the part of the landlord, by which he, and not the tenant, is to perform the covenant.

Appeal from eighth district court.

Proceedings instituted by David Ramsay against David Wilkie to dispossess the latter from certain premises by reason of his non-payment of rent. From a final order in favor of plaintiff the defendant appeals. The following is the opinion of Judge JEROLOMAN, of the eighth district court:

"This proceeding was brought by the landlord to dispossess the tenant for the alleged non-payment of rent for the month of March, 1890, which the landlord alleges to be due, under and by virtue of a lease dated August 31, 1885, for the term of five years and eight months from the 1st day of September, 1885, at the yearly rental of one thousand dollars, rent payable when due or at the end of the month. The tenant interposes two defenses: *First*, surrender and acceptance; and, *secondly*, eviction. These defenses are inconsistent. If the premises were surrendered by the tenant, and accepted by the landlord, then, and in that case, the tenant was out of possession, and the landlord in possession. Eviction cannot occur after the tenant is out of possession. A tenant, to be evicted from the beneficial enjoyment of the premises, must necessarily be in possession at the time of the alleged eviction. I shall therefore deal first with the question of the surrender and acceptance under the statute. The statute provides that 'no estate or interest in lands, other than leased for a term not exceeding one year, * * * shall hereafter be created, assigned, surrendered, or declared, unless by act or operation of law, or by deed or evidence in writing subscribed by the party creating, * * * surrendering, or declaring the same, or by his lawful agent thereunto authorized by writing.' The lease between landlord and tenant is in writing and under seal, and the power of attorney given by tenant to his agent is also under seal, but contains no provision by which the attorney in fact is authorized to surrender, cancel, or annul a lease. If I read and interpret the statutes correctly, the lawful agent must be specially authorized in writing to surrender a lease, as well as to create, convey, or assign such lease. The power of attorney gives the agent no authority to sell or in any way to dispose of real property or leasehold. Surrendering a lease is disposing of property. Therefore it follows, as matter of law, the agent having no authority under his power of attorney to make a surrender under the statutes, that there has been no surrender by deed or by operation of law. Surrender by operation of law has been defined to be the restoring and yielding up an estate and interest in land to one who has an immediate estate in a reversion and remainder, and, by the statute of frauds, a term exceeding one year cannot be surrendered unless by act or operation of law, or by deed of conveyance in writing. *Coe* v. *Hobby*, 72 N. Y. 145; *Winant* v. *Hines*, 14 Daly, 188–191. In the case of *Coe* v. *Hobby* the court of appeals say: 'The furthest that our courts have gone is to hold that, to effect a surrender of an existing lease by operation of law, there must be a new lease, valid in law, to pass an interest, according to the contract and intention of the parties.' Page 147. Within the above rule, there was no surrender of the lease upon which this proceeding is predicated; no written surrender of the same under the statute. I find, therefore, there was no valid or legal surrender of the premises.

"It appears by the lease that the term had more than one year to run. Therefore the surrender must necessarily be in writing, subscribed by a person authorized to make the surrender. Upon the trial of this proceeding, the landlord did not ask to have the tenant elect as to which of his defenses he would proceed under, and, evidence having been given on the subject of eviction, the court, being in possession of all the facts, is in a position to pass upon that question. It appears by the lease that the rent is payable when due, or, in other words, at the end of the month. The evidence in this case discloses that on or about the 10th of March, 1890, the owner of the adjoining lot, on the east of the property in question, commenced excavating for the purpose of building a new structure thereon, but did not go below 10 feet in so excavating. Under the existing statutes and authorities of this state, where the party excavating does not intend to go below 10 feet, the obligation is upon the adjoining owner to protect his own property against injury or damage arising from the excavation. It appears from the evidence in this case that there was an alley-way on the premises in question, leading to stables in the rear of the premises, and, in consequence of the excavation on the adjoining lot, the same fell in upon the said adjoining lot, so that the tenant and his subtenants were unable to use the alley-way. The question now arises as to whose duty it was to protect the alley-way from caving in. If it was the landlord's duty, the evidence shows that he failed to do it. If it was the tenant's duty, the evidence shows that he did nothing to protect the alley-way from caving in. It is in evidence that, if the alley-way had been sheathed,— piled,—it would have remained intact, and the tenants consequently would have had the beneficial use and enjoyment of it. The lease provides as follows: 'All improvements and necessary repairs to be done at the expense of the party of the second part.' The evidence does not show that the tenant was deprived of his possession by any act of the landlord, or by any one having a paramount title to the premises demised, and, unless something of this kind is shown, there is no ground whatever for an action for the breach of the covenant for quiet enjoyment. *Connor* v. *Bernheimer*, 6 Daly, 300. The caving in of the alley-way was caused by the lawful acts of a stranger, which does not attach to the landlord any liability in this case. In the case of *Howard* v. *Doolittle*, 3 Duer, 464, there is a great similarity to the one under investigation. The tenants in that case, by the terms of their lease, obligated themselves to make all the repairs as in this case. An excavation took place on the adjoining premises, and the tenants were disturbed in the beneficial use and enjoyment of their premises. The question arose in that case as to whose duty it was to shore up and protect the walls of the demised premises from falling,—whether the tenants or landlord. Judge DUER, in a very able and full opinion, held it was the duty of the tenants under and by virtue of their covenant in their lease to repair. The case of *Gallup* v. *Railroad Co.*, 65 N. Y. 1, was where the grade of the street was changed, and the access to the demised premises rendered inconvenient to the tenant. In an action for rent, the defendant set up in his answer a counter-claim for damages by reason of the alleged interference of the plaintiff or landlord with the tenant's possession. Judge REYNOLDS, in writing the decision, says: 'There being no covenant by the plaintiff to protect the defendant from injury occasioned by the act of the city, I do not see how it can claim any abatement from the rent agreed to be paid by the terms of the lease. It seems to be very clear that there was no eviction, or anything bearing much resemblance to it,' etc. In this case, there was no covenant on the part of the landlord to protect the defendant from injury occasioned by excavation. What was done by the adjoining owner was lawful, and the adjoining owner would only be liable to the tenant in case of negligence on his part. In other words, the landlord in this proceeding could not be charged with the act of the adjoining owner in excavating, whether it was done carelessly, negligently, or not, but the ten-

ant would have to seek his remedy against the owner or person excavating on the adjoining lot, in case of any wrongful or negligent action on his or their part. It is true that the lease contains a covenant for quiet enjoyment of the premises demised on the part of the landlord, but it is well settled that such covenant only goes to the extent of engaging that the landlord has a good title, and can give a free and unincumbered lease of the premises for the term demised. *Meeks* v. *Bowerman,* 1 Daly, 100; *Johnson* v. *Oppenheim,* 55 N. Y. 280; *Howard* v. *Doolittle.* 3 Duer, 464; *Sherwood* v. *Seaman,* 2 Bosw. 127; *Achlers* v. *Rehlenger,* 1 City Ct. R. 81, McAdam, J. It is also a well-settled rule that a covenant to repair extends to all repairs, irrespective of the cause of defect. Where there is an express covenant to keep in repair, there can be no independent, collateral, oral undertaking on the part of the landlord by which he, and not the tenant, is to perform this covenant. *Heintze* v. *Erlacher,* 1 City Ct. R. 465; *Lockrow* v. *Horgan,* 58 N. Y. 635; *McMann* v. *Autenreith,* 17 Hun, 163. If the court is correct, that the tenant was bound to do the shoring up, then it follows, as matter of law, that the landlord is entitled to a final order in his favor."

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*John J. Wilkie,* (*Carlisle Norwood, Jr.,* of counsel,) for appellant. *Wager & Acker,* for respondent.

PER CURIAM. This case was correctly decided in the court below. The tenant interposed two defenses: (1) Surrender and acceptance; and (2) eviction. He failed to establish upon the trial any valid surrender or an eviction, and the landlord was entitled to the final order which was awarded to him by the court. The final order must be affirmed, with costs.